UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JAMES HENRY BERRYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-04172-SLD-JEH |
| | ) | |
| MOLINE HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendantt. | ) | |
| | ) | |

ORDER

Before the Court is a Motion to Dismiss, ECF No. 9, filed by Defendant Moline Housing

Authority ("MHA") against the Complaint, ECF No. 1, filed by Plaintiff James Berryman under

Title VII of the Civil Rights Act ("Title VII") of 1964, 42 U.S.C. §§ 2000e–e-17, as well as the

Family Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§ 2601–2654.  Also pending is a

motion by the MHA for a Summary Ruling on the Motion to Dismiss, ECF No. 13.  For the

following reasons, the Complaint is DISMISSED WITH PREJUDICE.

BACKGROUND[1]

James Berryman is a resident of Davenport, Iowa who was employed by the Moline

Housing Authority in Moline, Illinois, until he was terminated on or around October 25, 2012.

On January 31, 2014, Berryman filed a complaint in Illinois' Fourteenth Judicial Circuit, alleging

racial discrimination under 42 U.S.C. § 1981, as well as violations of the FMLA.  State Court

Compl., Mot. Dismiss Ex. B, ECF No. 10-2.  In that proceeding, Berryman, an African-

American man, alleged that he was replaced in his position by two less-qualified white

---

[1] In considering a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff.  *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted).  Accordingly, the material set forth herein, unless otherwise noted, is based on allegations in the Complaint, ECF No. 1.

employees after using medical leave to undergo back surgery, and that he was ultimately terminated by the MHA due to both his race and physical restrictions.  *Id.* at 4–6.  After noting that no response to the summary judgment motion was filed on Berryman's behalf, the state court disposed of the complaint by granting summary judgment in favor of the MHA on May 16, 2016.  State Court Record of Disposition, Mot. Dismiss Ex. C, ECF No. 10-3.

On August 23, 2016, Berryman filed the present complaint in federal court, under a Title VII race discrimination theory, as well as under the FMLA.  Compl. 2.  In his pro se complaint, Berryman again argues that while he was out on medical leave, his supervisor replaced him with two less qualified white employees, and, upon his return, gave him more physically demanding work, in a lower level position, which he could not complete due to his injury: he alleges that the demotion and his resultant inability to do the work led to his termination.  *Id.* at 3–6.  Additionally, he alleges that "[m]any racial remarks were made over the years."  *Id.* at 4.  On October 20, 2016, MHA filed a motion to dismiss, ECF No. 9, arguing that the Court lacks subject matter jurisdiction over the dispute and that the claim is barred by issue and claim preclusion.  Though the Court granted his motion for extension of time to file, and invited him to file a new motion to request counsel, Berryman did not file a response to the motion to dismiss, or any other motion.  On December 14, 2016, the MHA filed a Motion for Summary Ruling on the Motion to Dismiss, ECF No. 13.

DISCUSSION

MHA argues that Berryman's claim in federal court violates the *Rooker-Feldman* doctrine, leaving the Court without subject matter jurisdiction over the claim, and, in any case, presents issues of claim and issue preclusion.  *See* Mem. Supp. Mot. Dismiss 3–7.

**I.     Legal Standard on a Motion to Dismiss**

A court will dismiss a complaint if it does not have subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). The jurisdiction of the federal courts is limited: "[t]hey possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a), and must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks omitted). The plaintiff bears the burden of establishing subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).

Further, a court will dismiss a complaint if it does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The pleader's claim must be facially plausible, meaning that the factual allegations allow the court to draw a "reasonable inference" that the purported misconduct occurred. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The complaint does not need to allege "all, or any, of the facts logically entailed by the claim and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A plaintiff may, however, plead himself out of court "by pleading facts that establish an impenetrable defense to its claims." *Id.* at 1086. The plaintiff must do more than "avoid foreclosing possible bases for relief in [its] complaint; [it] must also show that relief is actually plausible." *Id.*

When a plaintiff represents himself pro se, the complaint is to be "held to less stringent standards" than pleadings by lawyers and must be liberally construed. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555, 555 n.2 (7th Cir. 1996) (quoting *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981)). District courts have the responsibility, short of "becom[ing]

advocate[s]," to ensure that pro se plaintiffs have "ample opportunity for amending the complaint" and that their claims be adjudicated on the merits, rather than dismissed on technicalities. *Id.* at 555.

## II.   Analysis

Because the only federal court that may review a state court judgment is the United States Supreme Court, lower federal courts lack subject matter jurisdiction over claims when those actions "seek review of state-court judgments." *Dookeran v. County of Cook, Ill.*, 719 F.3d 570, 574–75 (7th Cir. 2013). The *Rooker-Feldman* doctrine, as this body of law is known, strips subject matter jurisdiction from a federal court only in "situations in which the state court's decision is the source of the harm the federal suit is designed to redress." *Id.* at 545 (quoting *Simmons v. Gillespie,* 712 F.3d 1041, 1043, No. 12–3381, 2013 WL 1110872, at *2 (7th Cir. Mar. 19, 2013)). The doctrine is not applicable and a claim is not jurisdictionally barred when "the injury is independent of the state-court judgment, or if the federal claim alleges 'a prior injury that a state court failed to remedy.'" *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). Just because a plaintiff's federal suit challenges or calls into question the legal conclusions made by a state court, does not necessarily mean that he is challenging the state court judgment itself. *Long v. Shorebank Dev. Co.*, 182 F.3d 548, 555 (7th Cir. 1999) (explaining "the fact that the plaintiff's pursuit of his federal claims could ultimately show that the state court judgment was erroneous [does] not automatically render *Rooker-Feldman* applicable").

Despite the fact that the present claim "involve[s] the same basic transaction" as Berryman's previously adjudicated state court claim, his repackaging of the previously adjudicated § 1981 race discrimination claim as a Title VII claim does not necessarily invoke

*Rooker-Feldman*. When the injury at the heart of the claim was incurred before a party seeks relief in state court, as it was here, no jurisdictional bar is warranted. *Rizzo v. Sheahan*, 266 F.3d 705, 713–14 (7th Cir. 2001). However, transactional identity does play a significant role in a court's determination as to whether the case is barred by claim or issue preclusion. *Dookeran*, 719 F.3d at 575.

Claim preclusion is an affirmative defense "designed to prevent the 'relitigation of claims that were or could have been asserted in an earlier proceeding.'" *Rizzo*, 266 F.3d at 714 (quoting *D & K Props. Crystal Lake v. Mut. Life Ins. Co. of N.Y.,* 112 F.3d 257, 259 (7th Cir.1997)). The judicial acts of a state court are given the same effect by all courts in the United States that they would have in a State's own courts, so Illinois rules of claim preclusion apply here. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982). For claim preclusion to apply under Illinois law, three elements must be present: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of parties or their privies." *Dookeran*, 719 F.3d at 575. The final inquiry is whether a party had "a full and fair opportunity to litigate his claims," keeping in mind that Illinois law bars "not only claims actually litigated, but . . . those that could have been litigated." *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 639 (7th Cir. 2004).

Because Berryman has not filed a response, it is undisputed on the face of the pleadings that the first and third elements are met. Berryman sued the "City of Moline, by its agency, Moline Housing Authority" in the state suit and again, here, has sued the Moline Housing Authority. State Court Compl., Mot. Dismiss Ex. B. The MHA has produced a record of a state court judgment issued against Berryman in the proceeding, which Berryman has not challenged. In determining whether two causes of action are identical, Illinois courts apply a "transactional"

theory, meaning "the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *Garcia*, 360 F.3d at 637 (citing *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 891 (1998)). In civil rights suit under Title VII and § 1981, suits brought using the core set of operative facts upon which the plaintiff relies to show discrimination will constitute the same cause of action. *See id.*

Both the Title VII claim and the FMLA claim in the present suit involve the same set of facts, and the same injury, upon which Berryman based his § 1981 and FMLA claims in state court: his demotion to a lower level maintenance position, his supervisor's decision to replace him with two white employees, and his termination. The state court entered a judgment against him in the prior proceeding. State Court Record of Disposition, Mot. Dismiss Ex. C. Berryman seeks the same monetary damages and injunctive relief he sought in his state court proceeding, trying his luck with a different statutory starting point but an essentially identical legal framework and evidentiary basis. *Rizzo*, 266 F.3d at 714 ("A plaintiff who loses and tries again encounters the law of preclusion. The second complaint shows that the plaintiff wants to ignore rather than upset the judgment of the state tribunal.") (quoting *Garry v. Geils*, 82 F.3d 1362, 1367 (7th Cir. 1996)).

Further, Berryman had "a full and fair opportunity to litigate his claims," even those that he did not bring before the state court. *Garcia*, 360 F.3d at 639. He easily could have raised a Title VII claim in his state court proceeding, at which time he was represented by counsel. "[T]he states and the federal government share concurrent jurisdiction over Title VII, § 1981, and §1983 claims," *id.*, and pressing the claims concurrently would have caused very little strain for a litigant already in court for an almost identical cause of action. *Humphries v. CBOCS West,*

*Inc.*, 474 F.3d 387 (7th Cir. 2007) (observing that the Seventh Circuit "generally [has] applied the same prima facie requirements to discrimination claims brought under Title VII and section 1981" and that the claims are often brought simultaneously).

The MHA's motion to dismiss Berryman's complaint on the basis of claim preclusion is successful. Both Berryman's Title VII and FMLA claims must be dismissed.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 9, is GRANTED. Defendant's Motion for Summary Ruling on the Motion to Dismiss, ECF No. 13, is MOOT. Plaintiff's Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE.

Entered July 18, 2017.

s/ Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE